Sneed, J.,
delivered tire opinion of the court.
The action is to recoArer compensation for the plaintiffs services in procuring the rele< ’e and pardon of the defendant’s son, who, about the clos- of the Avar, being a citizen, and not a soldier or sailor, in any manner connected Avith either belligerent, was tided and convicted of murder by a military commisison at Nashville, for the crime of murder, and adjudged to suffer imprisonment in the penitentiary for twenty years. It is not seriously insisted that the judgment can or ought to be reversed on the facts, in view of the familiar rule of this court. The jury, on the testimony, might haAre decided either way, and in either event the verdict, under the rule, could not have been disturbed. [See note 2, under section 6348 of the Code.] Some propositions of law, however, have been ably presented, all of which havu been duly considered, and one of which is worthy of grave consideration.
It is said that the action cannot be maintained because it was based upon a contract which is against public policy. It is scarcely necessary to elaborate a question which has been so often and so ably discussed elsewhere. 1st Smith’s Ldg. Cas., 631; 3 Am. Rep., 306; 4 Wall., 123; 50 How., 173; Story Const., 546. It is enough to say that the authorities and arguments adduced on behalf of the plaintiff iu error haA^e been carefully considered; and conceding the general principle that “pardon brokerage,” as it is called, when exercised in obstructing the regular course of public justice, is unlawful, and contracts founded thereon are not enforceable in the courts, we are, nevertheless, brought to the conclusion that the doctrine can have no application to a case where the trial and conviction Avas had in violation of the constitution of the Hnited States, as w© are constrained to hold the trial of young Johnson to have been.
Affirm the judgment.